IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,             Case No. 3:15 CR 133 - 2

         Plaintiff,             MEMORANDUM OPINION
                                   AND ORDER

-vs-                                  JUDGE JACK ZOUHARY

Martha E. Ednie,

         Defendant.

## INTRODUCTION

Following a five-day jury trial, Defendant Martha Ednie was convicted of 20 counts of bank fraud and one count of conspiracy to commit bank fraud. At sentencing, her guideline range was calculated at 37 to 46 months. This Court varied downward and sentenced her to 30 months in prison for each count, to run concurrently. Defendant appealed, challenging her conviction and arguing that this Court erred in denying her a mitigating-role reduction and in calculating the loss amount attributable to her conduct. The Sixth Circuit upheld Defendant's conviction but concluded this Court applied the wrong standard in evaluating Defendant's request for a mitigating-role reduction. The Circuit vacated the sentence and remanded the case.

Defendant now moves for release from custody pending resentencing (Doc. 165). The Government opposes (Doc. 167), and the Motion is fully briefed (Doc. 168).

## DISCUSSION

Defendant contends she is entitled to be released pending resentencing because -- in light of the Sixth Circuit decision vacating this Court's previous sentence -- she is "a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence" under 18 U.S.C. § 3143(a). Under Subsection A, this Court must detain a convicted defendant pending sentencing unless she demonstrates by clear and convincing evidence that she is not a flight risk or a danger to the community. Defendant argues that since she is not a flight or safety risk, she must be released.

The Government disagrees with Defendant's reasoning, arguing that the appropriate statutory authority is 18 U.S.C. § 3143(b), which governs the release or detention of "a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or petition for a writ of certiorari." Under Subsection B, this Court must consider not only whether a defendant is likely to flee or poses a danger to the community, but also (1) whether the appeal is for the purpose of delay and (2) whether the appeal raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence that does not include imprisonment, or a reduced sentence that is less than the time already served plus the expected duration of the appeal process. The Government argues Defendant cannot satisfy this standard, and therefore she must be detained pending resentencing.

The Sixth Circuit has not addressed which provision of Section 3143 governs defendants awaiting resentencing, and neither provision explicitly includes such defendants. Nevertheless, based on the plain language of the statute, this Court concludes that Subsection B cannot apply here because Defendant has no pending appeals or cert petitions. Her situation is more accurately described by Subsection A: she has been convicted; her previous sentence was vacated; and she is currently

awaiting imposition of a new sentence. In other words, Defendant is in a position similar to when she was released on bond, with conditions, awaiting her original sentencing.

This Court recognizes that most other courts to address this issue have applied Subsection B. The Seventh Circuit is most prolific on this point and consistently interprets Subsection A to apply only "to the situation where a defendant is awaiting sentencing the first time." *United States v. Holzer*, 848 F.2d 822, 824 (7th Cir. 1988). This is because the reasons for releasing a convicted defendant pending an initial sentencing -- "that the sentence may not be a sentence of imprisonment, or may be a sentence for a shorter period of imprisonment between conviction and sentencing; or that the defendant needs some time to get his affairs in order" -- hold little weight when a resentencing is likely to result in only a "modest" reduction of a lengthy sentence. *Id.* This is doubly true when the resentencing may result in an increased sentence. *United States v. Krilich*, 178 F.3d 859, 861 (7th Cir. 1999). The Fifth Circuit has adopted this approach, as have various district courts in other Circuits. *See, e.g.*, *United States v. Olis*, 450 F.3d 583 (5th Cir. 2006); *United States v. Geringer*, 2017 WL 2423791 (N.D. Cal. 2017).

This reasoning is unpersuasive in the case before this Court. First, both of the Seventh Circuit cases involved defendants with pending appeals. That fact brings them directly within the language of Subsection B. *See Holzer*, 848 F.2d at 824 ("[T]o admit [Holzer] to bail pending the Supreme Court's action on his latest petition for certiorari would be proper only if the condition (regarding the substantiality of the issue presented by the petition) in section 3143(b)(2) were satisfied, which it plainly is not . . . ."); *Krilich*, 178 F.3d at 861 ("Krilich wants review by writ of certiorari, and § 3143(b) speaks directly to his situation. Most if not all of the time Krilich spends on release (if the

district judge's order is affirmed) will pass while the case is before the Supreme Court, rather than while Krilich is 'awaiting imposition . . . of sentence' in the district court.") (citation omitted).

This Court also disagrees that the justification for releasing a convicted defendant prior to sentencing is necessarily inapplicable to that same defendant on resentencing. The defendants in *Holzer*, *Krilich*, and *Olis* were originally sentenced to prison terms of 216 months, 64 months, and 292 months, respectively. At the time of the appellate decisions, Holzer had served 18 months of his sentence, Krilich had served 16 months or less, and Olis had served 20 months. Holzer and Olis were eligible for reduced prison terms on resentencing, but any potential reductions would still leave a lengthy balance of time to be served. Krilich, on the other hand, actually faced a potential increased prison sentence.

In contrast, Defendant was originally sentenced to a 30-month prison term, of which she has served 12 months to date. This Court makes no predictions about the outcome of Defendant's resentencing. But if this Court agrees with Defendant's position in her Sentencing Memorandum (Doc. 171) -- which includes significant reductions for mitigating role and loss amount -- her revised guideline range would be 12 to 18 months. Alternatively, if this Court arrives at a higher guideline calculation, as the Government argues, Defendant nonetheless asks that she serve the remainder of her sentence on home confinement. Defendant asks for a new sentence without additional prison time, and the Government argues more time is needed. This Court will not speculate about which outcome is "likely" (as required by the standard under Subsection B). At this juncture, this Court cannot conclude categorically that considerations affecting defendants awaiting *sentencing* do not also apply to *this* Defendant awaiting *resentencing*.

Finally, this Court is not unsympathetic to Defendant's serious medical condition. This Court understands that Carswell FMC has attempted to provide appropriate care and treatment, but Defendant remains unsatisfied. Voluminous medical records reveal Defendant has also received treatment at Baylor University Medical Center. These medical issues likely will be a topic of discussion during the resentencing and may, or may not, influence this Court's decision in crafting an appropriate sentence. In the meantime, releasing Defendant until that hearing provides her the same opportunity to "get her affairs in order" -- for example, by meeting with her personal physician -- that courts find so valuable for other defendants awaiting sentencing.

## CONCLUSION

Applying the factors under 18 U.S.C. § 3143(a), this Court notes that Defendant was previously released pending trial and sentencing, and was permitted to self-report to Carswell FMC. The Government does not suggest she is either a flight risk or a danger to the community. Given her current medical condition and record of past behavior, this Court does not believe Defendant will fail to appear. And other than her convictions in this case, Defendant has no criminal history -- and certainly no history of violence. This Court therefore finds by clear and convincing evidence that release is appropriate pending resentencing, which is set for hearing on **October 24, 2017 at 11 AM**.

Defendant's Motion for Release (Doc. 165) is granted.

IT IS SO ORDERED.

       s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

October 13, 2017

5